UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bricklayers Pension Trust Fund, *et al.*,

    Plaintiffs,

v.                                        Case No.: 10-12638
                                              Honorable Sean F. Cox

John Travis and Sons, LLC,

    Defendant.

_____/

## OPINION & ORDER

Plaintiffs, a collection of local employee-benefit fund trustees with the Bricklayers Pension Fund ("Plaintiffs"), filed this action pursuant to the Labor-Management Relations Act and the Employee Retirement Income Security Act seeking recoupment of pension funds claimed to be owed by Defendant John Travis & Sons, L.L.C. ("Defendant"). The matter is currently before the Court on the Plaintiffs' Motion to Strike, Defendant's Motion to Re-Open Discovery, and Plaintiffs' Motion for Summary Judgment. The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons discussed below, the Court shall GRANT Plaintiffs' Motion to Strike, DENY Defendant's Motion to Re-Open Discovery, and GRANT Plaintiffs' Motion for Summary Judgment,.

## BACKGROUND

The Plaintiffs are several trust funds established under and administered pursuant to Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and Sections 302 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et*

*seq.*.  Defendant is a Michigan contractor engaged in the masonry business and is a signatory to a collective bargaining agreement ("CBA") with the Bricklayers and Allied Craftworkers Local 1 ("Local 1").

On April 5, 2010, Plaintiffs published an audit, which found that Defendant owed Plaintiffs $291,511.78 in delinquent fringe benefit contributions, interest, and liquidated damages.  (Plf's Br., Ex. 2).

After failed efforts to collect the delinquent fringe benefits, Plaintiffs filed this action on July 2, 2010.  (Doc. No. 1).

On November 1, 2010, the Court issued a Scheduling Order, setting a discovery deadline of March 28, 2011.  (Doc. No. 11).

As a result of a fire that occurred on Defendant's business premises, the parties requested an extension of the discovery deadline so that Defendant could continue its efforts to locate relevant records and documents.  On March 23, 2011, this Court entered a Stipulation and Order which extended the discovery deadline to May 27, 2011.  (Doc. No. 13).  The parties have exchanged discovery and the discovery period closed on May 27, 2011.

On June 30, 2011, Plaintiffs' filed a motion for summary judgment (Plfs' Mtn., Doc. No. 15) and, after this Court issued an Order to Show Cause, Defendant responded to Plaintiffs' motion on October 14, 2011 (Def's Resp., Doc. No. 20).  Defendants' response includes a report from Defendant's C.P.A., Martin Bahl, which is dated September 21, 2011 and states that Plaintiffs' audit fails to take into account certain mitigating factors, such as materials and supplies furnished by the contractor, and uses an improper wage rates.  (Def's Resp., Ex. C). Defendant's response also includes an affidavit of Mr. Bahl, which is dated October 13, 2011.

(Def's Resp., Ex. B). In the affidavit, Mr Bahl declares, "[O]ur investigation has been ongoing and continues as of this date; and is intended to result in a final determination of John Travis, LLC's potential liability that it owes the Plaintiff." (*Id*. at ¶ 3). Mr Bahl further states:

> [I]n this regard, it is anticipated that our Firm will arrive at a specifically determined amount of liability that we believe is fairly owed by John Travis, for which it is anticipated that John Travis & Sons LLC's total liability will be considerably less than the amount that is reflected in the union's audit in this case.

(*Id*. at ¶ 4).

On October 28, 2011, Plaintiffs filed a motion to strike the affidavit of Martin Bahl. (Mtn. to Strike, Doc. No. 21). Rather than respond to Plaintiffs' motion to strike, on November 7, 2011, Defendant filed a motion to re-open discovery. (Disc. Mtn., Doc. No. 23).

## LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor

3

of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

In their complaint Plaintiffs allege that Defendant has breached the CBA and seek the following relief: (1) a declaration that Defendant was obligated to make fringe benefit contributions to Plaintiffs under the CBA; (2) an order requiring Defendant to perform all the fringe benefit provisions of the CBA; (3) an order requiring Defendant to allow Plaintiffs to audit its books and records for the period of January 2009 through the present and awarding Plaintiffs any amount determined to be owed by Defendant; (4) an award of $291,511.78 for the amount owed in delinquent fringe benefit contributions from April 2005 through December 2008, plus interest, costs and attorneys' fees; and (5) "any and all other equitable and injunctive relief to which they may be entitled." (Complaint at 4).

I.  Plaintiffs' Motion to Strike the Affidavit of Martin Bahl and Defendant's Motion to Re-Open Discovery:

Before the Court discusses the merits of Plaintiffs' motion for summary judgment, the Court must first address Plaintiffs' motion to strike because the determination of said motion will affect whether Defendant has created a genuine issue of material fact as to the accuracy of Plaintiffs' audit.

In their motion, Plaintiffs' request that this Court strike the affidavit and report of accountant Martin Bahl, which Defendant uses to refute the accuracy of Plaintiffs' audit. In Plaintiffs' interrogatories, which were served upon Defendant on February 1, 2011, Plaintiffs ask whether Defendant disputes any amount said to be owing under the audit. (Interrogatories #14,

4

Mtn. to Strike, Ex. 2). Plaintiffs further ask that Defendant identify and provide any facts, documents, and names and contact information for witnesses that Defendant relies upon to support its dispute. (*Id*.). Defendant did not disclose the existence of Mr. Bahl, or his report and affidavit, during the course of discovery, and therefore Plaintiffs request they be stricken from the record.

FED. R. CIV. P. 26(e) governs the requirements of supplemental disclosures and responses, and provides:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

FED. R. CIV. P. 26(e)(1)(A). Furthermore, FED. R. CIV. P. 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). District courts have broad discretion to exclude untimely disclosed expert-witness testimony. *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000).

Rather than file a response to Plaintiffs' Motion to Strike, Defendant filed a motion to re-open discovery so that Plaintiffs' counsel may receive additional discovery and depose Mr. Bahl. (Discovery Mtn. at 3). Defendant explains that it only recently retained the services of Mr. Bahl as an expert witness, presumably after the close of discovery, because it did not previously have

5

the financial means to retain an expert. Defendant insists that its delayed efforts to retain an expert were not made in bad faith or to prevent Plaintiffs' discovery of Mr. Bahl.

The Court finds that Defendant's failure to supplement its disclosures with the information from Mr. Bahl is not harmless. Plaintiffs did not have an opportunity to cross-examine Mr. Bahl regarding his report or examine Mr. Bahl's report in order to expose any potential inaccuracies. Plaintiffs also note that if this information had been presented to them during the course of discovery, they may have refrained from bringing the instant motion for summary judgment, and thus have incurred unnecessary costs in bringing the motion.

The Sixth Circuit has generally found that a failure to disclose an expert witness during the course of discovery is not substantially justified when the party who seeks to rely on the expert was not able to timely retain the expert because of financial limitations. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed.Appx. 627, 636-37 (6th Cir. 2007) (explaining, "If plaintiffs intended to hire an expert witness to support their negligence claim but were unable to do so before the expert disclosure deadline expired, they could have sought an extension of the deadline from the district court.").

Additionally, the advisory committee's note to FED. R. CIV. P. 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435 at *5 (6th Cir. 1999). In this case, neither factor exists. Mr. Bahl's report to Defendant is dated September 11, 2011 – almost four months after the close of discovery and almost three months after Plaintiffs' filed their motion for summary judgment. Defendant knew of its financial situation during the course of discovery and Plaintiffs were unaware of

6

Defendant's intentions to retain an expert when it became financially feasible to do so. Defendants could have sought another extension of the discovery deadline so that it could retain an expert witness before the close of discovery. *See generally Borg*, Fed.Appx. 627 at 637; *Vance*, 182 F.3d at *6.

The Court finds that Defendant's failure to obtain an expert witness during the course of discovery is not substantially justified, and because Defendant's failure to disclose its expert witness is not harmless, the Court shall strike the affidavit and report of Martin Bahl. Accordingly, the Court shall also deny Defendant's motion to re-open discovery. As discussed below, striking the affidavit and report of Mr. Bahl would, in turn, results in a finding that Defendant has not created a genuine issue of material fact as to the liability of Defendant.

II.     Plaintiffs' Motion for Summary Judgment:

In support of their motion for summary judgment, Plaintiffs attached the CBA to which Defendant is a signatory (Plfs' Mtn. Ex. 1), exhibits outlining audit determinations and interest calculations (Plfs' Mtn., Ex. 2), and an affidavit by Plaintiffs' auditor attesting to the accuracy of the audit conducted by Plaintiffs for the time period of April 2005 through December 2008 (Plfs' Mtn. Ex. 3).

Plaintiffs assert that Defendant owes $291,511.78 in delinquent fringe benefit contributions from April 2005 through December 2008, plus interest, costs and attorneys' fees. Defendant concedes that it is a signatory of the CBA and is delinquent on its fringe benefit contributions. Defendant is willing to pay Plaintiffs the delinquent fringe benefit contributions owed, but objects to the accuracy of Plaintiffs' audit. Defendant asserts that Plaintiffs' audit numbers are "excessive, fail to fairly mitigate in fairness to the Defendant, and are clearly

prejudicial to Defendant's overall bottom line of the liability [it] may be found to owe." (Def's Resp. at 6).

The Sixth Circuit generally applies a burden-shifting framework for ERISA cases, in situations where, like the instant case, a plaintiff files a motion for summary judgment against a defendant-employer for failing to produce adequate records disproving the accuracy of a plaintiff's audit regarding fringe benefit contributions owed by the defendant. *See generally Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692, 693-97 (6th Cir. 1994); *see also Michigan Laborers' Health Care Fund, et al. v. Taddie Construction Inc., et al.*, 119 F.Supp.2d 698, 703-704 (E.D. Mich. 2000); *Trustee of Michigan Regional Council of Carpenters Employee Benefits Fund, et al. v. Carpentry Contractors, Inc.*, 203 F.R.D. 247, 250 (E.D. Mich. 2001).

ERISA requires that "every employer shall ... maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 18 U.S.C. 1059(a)(1). As such, once a Plaintiff provides evidence of delinquent contributions owed (i.e., an audit), a defendant-employer must present evidence that it maintained records that would allow for an accurate calculation of the fringe benefits owed. If the defendant cannot produce evidence that it maintained records to allow for an accurate calculation, the burden shifts to defendant to create a genuine issue of material fact as to the accuracy of the plaintiff's calculations. *Taddie Construction Inc.*119 F.Supp.2d at 703-704.

Here, Defendant "concedes to previously lacking sufficient evidence of the kind required to oppose the Plaintiff's Union's audit." (Def's Resp. at 1). In fact, in its responses to Plaintiffs' request for admissions, Defendant stated that "all necessary records and documents that are

needed to accurately determine the extent of off-sets against the amounts claimed were not available at the time" of the audit because many of the records may have been destroyed in a fire.[1]  (Plfs' Mtn., Ex. 4).  Therefore, the burden shifts to Defendant to create a genuine issue of material fact as to the accuracy of Plaintiffs' audit.

Because the Court has stricken the affidavit and report of Mr. Bahl, Defendant has not come forth with any evidence to rebut the accuracy of Plaintiff's audit.  As such, there is no genuine issue of material fact as to the liability of Defendant.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiffs' motion to strike is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Re-Open Discovery is DENIED.

IT IS FURTHER ORDERED that the Plaintiffs' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall submit to the Court a proposed Judgment, in accordance with this Opinion & Order, within 14 days after the date this Opinion & Order is issued.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Court

Dated:  December 7, 2011

---

[1] In the expert report of Martin Bahl, upon which Defendant relies, Mr. Bahl explicitly states that the report is based upon "the limited amount of data available." (Def's Resp., Ex. C at 1).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bricklayers Pension Trust Fund, *et al.*,

    Plaintiffs,

v.                                                   Case No.: 10-12638
                                                       Honorable Sean F. Cox

John Travis and Sons, LLC,

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2011, by electronic and/or ordinary mail.


                                                        S/Jennifer Hernandez
                                                        Case Manager